IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
February 05, 2026
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 7:13-cr-00019 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **STEVEN DALE BRANSCOME,** | ) | By:  Michael F. Urbanski |
| | ) | Senior United States District Judge |
| Petitioner | ) | |

## MEMORANDUM OPINION

Pending before the court is Steven Dale Branscome's petition for relief filed pursuant to 28 U.S.C. § 2255. ECF No. 47. The government is not opposed to the petition. ECF No. 59. As discussed below, the court **GRANTS** Branscome's petition and **REDUCES** his federal sentence from 360 months to 120 months, to run concurrently with his state sentence out of West Virginia.

On July 8, 2013, Branscome entered into an agreement in which he pled guilty to one count of possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g). Branscome had at least three prior convictions for offenses which, at the time, were considered serious drug offenses or violent felonies, which subjected him to a minimum term of imprisonment of 15 years and a maximum term of life under the Armed Career Criminal Act (ACCA), codified at 18 U.S.C. § 924(e). Plea Agreement, ECF No. 23.

On December 17, 2013, the court sentenced Branscome to a term of 360 months, to run concurrently with a West Virginia state court sentence for attempted murder, and to be

followed by a 5-year term of supervised release. Am. J., ECF No. 43 at 2–3. Branscome currently is serving the West Virginia state sentence and has a projected release date of December 16, 2037.[1]

The ACCA mandates longer sentences for felons who commit crimes with firearms if they have three or more prior convictions for either a violent felony or a serious drug offense. According to the Pre-Sentence Investigation Report (PSR) filed in Branscome's case, he had three prior violent felony convictions which subjected him to a longer sentence under the ACCA: a breaking and entering conviction from June 1994, an unlawful wounding conviction from March 1996, and a second breaking and entering conviction from January 2004. PSR, ECF No. 42 ¶¶ 23, 29, 34, 36. At the time Branscome was sentenced, the "breaking and entering" convictions were considered violent felonies under 18 U.S.C. § 924(e)(2)(B)(ii).

Because of the three prior convictions, Branscome faced a minimum statutory term of imprisonment of 15 years and a maximum term of life. Id. ¶ 62; 18 U.S.C. § 924(e). His guidelines range was 360 months to life, based on a total offense level of 38 and his criminal history category of VI. PSR, ECF No. 42 ¶ 63. If the ACCA had not applied to Branscome, he would have been subject to a maximum statutory penalty of 10 years. 18 U.S.C. § 924(a)(2) (2006).

The ACCA defines "violent felony" as follows:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

---

[1] https://apps.wv.gov/OIS/OffenderSearch/DOC/Offender/Search (search term "Steven Dale Branscome") (last viewed Jan. 28, 2026).

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; … .

18 U.S.C.A. § 924(e)(2)(B) (2006). Subsection (i) is known as the force clause. Subsection (ii) contains several enumerated offenses, followed by the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another," which is known as the residual clause. In 2015, the United States Supreme Court found that the residual clause was too vague to pass constitutional muster. Johnson v. United States, 576 U.S. 591, 597–602 (2015). Therefore, to qualify as a predicate offense after Johnson, a previous conviction must fall under the force clause or fall within the ACCA definition of one of the enumerated offenses. Johnson was made retroactive to cases on collateral review in United States v. Welch. 578 U.S. 200 (2016).

After Johnson was decided, the Fourth Circuit determined in Castendet-Lewis v. Sessions, 855 F.3d 253 (4th Cir. 2017), that the Virginia burglary statute is indivisible and criminalizes more conduct than the generic federal offense of burglary. See discussion, id., 855 F.3d at 261–64. Therefore, it falls outside the definition of the enumerated offense of burglary for purposes of the ACCA. See Mathis v. United States, 579 U.S. 500, 503–04 (2016) (citing Taylor v. United States, 495 U.S. 575, 598 (1990)) (holding that the enumerated offenses in § 924(e)(2)(B)(ii) refer only to their generic versions); In addition, in United States v. Al-Muwwakkil, 987 F.3d 748 (4th Cir. 2020), the court specifically found that a conviction under the Virginia burglary statute does not satisfy the force clause of the ACCA because it is broader

than the generic version of burglary and does not require any factual finding that the defendant used, attempted to use, or threatened to use violent physical force. Id. at 763. Therefore, after Johnson, Branscome's two convictions for breaking and entering are no longer valid predicates for purposes of the ACCA.

Typically, a § 2255 petition seeking relief under Johnson should have been filed no later than June 27, 2016, meaning Branscome's petition would be time-barred. See 28 U.S.C. § 2255(f). However, the circumstances of Branscome's case are unique. See Resp. to Pet.'s Mot., ECF No. 59 at 5. When Johnson was decided, the United States District Court in the Western District of Virginia provided to the Federal Public Defender's Office (FPDO) and the United States Attorney's Office (USAO) a list of defendants sentenced under the ACCA and the career offender provision of the United States Sentencing Guidelines. Id. at 6. The court also entered a standing order directing the FPDO to represent indigent defendants and to determine whether the defendants qualified for habeas corpus relief in light of Johnson. Id. at 5–6. Using the list provided by the court, the FPDO filed more than 260 Johnson petitions. Id. at 6.

At the time the court prepared the list, Branscome was in state custody and was not identified by the court, the FPDO, or the USAO as qualifying for relief under Johnson. Id. Therefore, the FPDO did not review his case or file a motion for habeas relief on his behalf. Because it appears that Branscome is eligible for habeas relief after Johnson, and because his motion was filed late through no fault of his own, the government is waiving its timeliness defense and all other procedural defenses. Id. at 6–7.

4

The government also posits that a resentencing hearing in Branscome's case is unnecessary because without the ACCA sentence increase, he would be subject to a 10-year maximum statutory sentence. As he already has served more than 10 years on his concurrent state sentence, a resentencing hearing would serve no purpose.

The court agrees with the parties that Branscome is entitled to habeas corpus relief after <u>Johnson</u> and that his petition should not be dismissed as time-barred. The court further agrees that a re-sentencing hearing is unnecessary in his case. Therefore, for the reasons stated above, the court **GRANTS** Branscome's petition for habeas corpus relief, ECF No. 47, and **REDUCES** his sentence from 360 months to 120 months, the statutory maximum sentence without the ACCA sentence enhancement. The court further **ORDERS** that Branscome's sentence run concurrently with the West Virginia state court sentence he currently is serving.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: February 4, 2026

Michael F. Urbanski
U.S. District Judge
2026.02.04 15:09:48
-05'00'

Michael F. Urbanski
Senior United States District Judge